Nelson, J.,
delivered the opinion of the Court.
The demurrer to the amended bill was properly overruled by the Chancellor. Taken in connection with the original bill, the case stated, is briefly, as follows: That Daniel Griffith, on the 10th of April, 1848, conyeyed to the complainant, six tracts of land, by metes and bounds; the deed containing a covenant of warranty; that, among them is a tract of thirty acres, of which neither of the parties ever had possession; that, of this thirty acres, nineteen and three-fourth acres were claimed and held by John Jetts, and his heirs, under grants No. 2496, dated 31st of August, 1825, which was the older and better title; that Griffith falsely and fraudulently represented that he had a good title to said nineteen and three-fourth acres, when in truth and in fact, he had not; that complainant is entitled to compensation for the deficiency; that defendant Griffith, is a non-resident, but M. C. Dib-brell has a small fund in his hands, which complainant prays to have subjected by attachment. The grounds of demurrer relied upon, are: 1st, That a court of equity has no jurisdiction; and, 2d, That the amended bill does not aver a warranty of title.
Waiving the objection that the first cause alleged is not specially stated as required by the Code, it is a sufficient answer to it to say, that the case is not, exclusively, of legal cognizance, and it was not necessary to aver an eviction. The defendant was not in possession at the time *524 of the sale, nor did complainant ever take possession, as the land was adversely held by Jett, or his heirs, at the time of the sale. The bill proceeds upon the ground of fraud and misrepresentation, and title in another at the time of the sale, and might well have alleged that, as to the nineteen and three-fourth acres, the contract was void for champerty. In such a case, the doctrine as to eviction does not-apply: see Stipe v. Stipe, 2 Head., 170; Miller v. Bentley, 5 Sneed, 675; Meek v. Bearden, 5 Yer., 471; Young v. Butler, 1 Head., 648-649; Williams v. Hogan, Meigs, 187.
2. The deed from Griffith was exhibited with the original bill, and shows a sale by the acre, with a covenant of warranty. Upon the demurrer, the amended and original bill are to be taken as one, when relating to the same subject matter; and, as the original bill set out the deed, the want of title, and the deficiency in the number of acres, and the amended bill charged fraud and misrepresentation in the sale, it was unnecessary again to exhibit the deed. The covenant contained in it, is a sufficient answer to the second ground of demurrer.
3. The exception to the answer was properly sustained by the Master. It was sworn to before John Ensley, a justice of the peace, for Fulton county, Arkansas, on the 16th of July, 1861; but there is no certificate of his official capacity, by the Clerk of the court in which he presides, as required by the Code, section 4398.
The bill having been taken for confessed; and it appearing, also, from the evidence, that Griffith had no title, as alleged iii the bill; and the value of the land, at *525 the time of tbe sale, having been fixed by the proofj there is no error in the Chancellor’s decree, and it will be affirmed.